# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 14- |
| v. | : | |
| **FRANK DAVIS, JR.,** | : | 18 U.S.C. § 371 (Conspiracy); |
| Defendant. | : | 18 U.S.C. § 1344 (Bank Fraud); |
| | : | 18 U.S.C. § 982(a)(2)(A), and |
| | : | 21 U.S.C. § 853(p)(Criminal Forfeiture). |

## INFORMATION

The United States Attorney informs the Court:

### COUNT ONE

### CONSPIRACY

#### Introduction

At all times material to this Information:

1. MetLife Home Loans was a wholly owned subsidiary of MetLife Bank, which was a financial institution in that its deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"). National City Mortgage was a wholly owned subsidiary of National City Bank, which was until November 2009 a financial institution in that its deposits were insured by the FDIC. These banks, along with other lending mortgage companies, were in the business, among other things, of loaning money to individuals for the purchase of residential real estate.

#### The Conspiracy

2. From at least 2003 and continuing thereafter through at least 2010, in the District of Columbia and elsewhere, the defendant FRANK DAVIS, JR. did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with other persons to commit an offense

1

against the United States, that is: bank fraud, by engaging in a scheme to defraud and obtain money and property from financial institutions and mortgage lenders by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

### Manner and Means

3. It was a part of the conspiracy that the defendant FRANK DAVIS, JR., agreed with others to engage in a scheme to defraud banks and mortgage lenders of money and property through materially false statements and misrepresentations in order to obtain control over properties purchased by nominee buyers.

### Overt Acts

4. In furtherance of the conspiracy and to effect the object thereof, the defendant FRANK DAVIS, JR., and other members of the conspiracy committed the following overt acts, among others, in the District of Columbia and elsewhere:

### 1371 Monroe Street, NW, Washington, D.C.

a. On or about January 31, 2008, in the District of Columbia and elsewhere, the defendant FRANK DAVIS, JR., purchased 1371 Monroe Street, NW, Washington, D.C. The loan and settlement documents contained materially false statements, which tricked National City Mortgage into loaning $850,000 for the purchase of this property.

b. Sometime after settlement, in or about 2008, in the District of Columbia and elsewhere, a co-conspirator submitted an executed Deed and Deed of Trust to the District of Columbia's Recorder of Deeds, with the instructions that after the recordation of the deed, the Recorder of Deeds should mail the stamped documents back to the title company at the address listed.

### 1112 50th Street, NE, Washington, D.C.

c. On or before January 29, 2010, in the District of Columbia and elsewhere, the defendant FRANK DAVIS, JR., recruited a nominee buyer to purchase 1112 50th Street, NE, Washington, D.C. The loan and settlement documents contained materially false statements, which tricked MetLife Home Loans into funding a loan for the purchase of this property.

d. Sometime after settlement, in or about 2010, in the District of Columbia and elsewhere, a co-conspirator submitted an executed Deed and Deed of Trust to the District of Columbia's Recorder of Deeds, with the instructions that after the recordation of the deed, the Recorder of Deeds should mail the stamped documents back to the title company at the address listed.

**(Conspiracy to Commit Bank Fraud, in violation of Title 18,
United States Code, §§ 371 and 1344).**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Information, the defendant FRANK DAVIS, JR., shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of this offense, pursuant to 18 U.S.C. § 982(a)(2)(A). The property subject to forfeiture includes a forfeiture money judgment against the defendant in the amount of $2,296,463.00.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Title 21, United States Code, Section 853(p)).**

RONALD C. MACHEN JR.

United States Attorney
for the District of Columbia

By: _____
VIRGINIA CHEATHAM
Assistant United States Attorney
DC Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530
(202) 252-7820